IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02CV279-MCK

FILED
CHARLOTTE, N.C.
02 AUG 22 PM 4:51
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | | |
|---|---|---|
| JIMMIE MILLS and MILLS CAROLINA INSURANCE SERVICES, INC. Plaintiffs, | ) | |
| v. | ) | ORDER |
| MID-SOUTH INSURANCE, et al., Defendants | ) | |

**THIS MATTER IS BEFORE THE COURT** upon the Plaintiffs' motion to remand (doc. 14).

**I. Factual background**

Plaintiffs move to remand this case to state court, arguing that complete diversity does not exist. While Defendant Mid-South had been incorporated in North Carolina, when Plaintiffs filed this suit in state court on June 6, 2002, Defendant Mid-South had redomesticated to Nebraska. Citing no authority on point, Plaintiffs argue that because Defendant Mid-South had been incorporated in North Carolina until 2000, it should be considered a citizen of North Carolina for diversity jurisdiction purposes.

**II. Analysis**

Defendants correctly point out that citizenship for diversity purposes is established at the time of filing of the Complaint. *Freeport-McMoran Inc. v. K.N. Energy, Inc.*, 498 U.S. 426 (1991). A corporation that was once incorporated in a state and then ceases to be incorporated in that state at the time of the commencement of the lawsuit is not deemed to be a citizen of the state for diversity purposes. *Illinois Central Gulf Railroad v. Arbox Three Corporation*, 700 F. Supp. 389 (N.D. Ill. 1988). Accordingly, as


Case 3:02-cv-00279-HM Document 22 Filed 08/22/02 Page 1 of 4

Defendant Mid-South cannot be deemed a citizen of North Carolina for purposes of diversity jurisdiction, complete diversity does exist and remand to state court is unwarranted.

**III. Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** the motion for remand (doc. 14) is **DENIED. IT IF FURTHER ORDERED THAT** consideration of the motion to dismiss is no longer stayed and Plaintiffs have fourteen days from receipt of this Order to respond to the motion.

**IT IS SO ORDERED**, this 22d day of August, 2002.

H. Brent McKnight

H. BRENT McKNIGHT
UNITED STATES MAGISTRATE JUDGE

jlk

United States District Court
for the
Western District of North Carolina
August 23, 2002

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:02-cv-00279

True and correct copies of the attached were mailed by the clerk to the following:

Michael David Bland, Esq.
Weaver, Bennett & Bland
P.O. Box 2570
Matthews, NC 28106

Benjamin L. Worley, Esq.
Weaver, Bennett & Bland
P.O. Box 2570
Matthews, NC 28106

Gilbert E Schill, Esq.
McGuireWoods
One James Center
901 East Cary Street
Richmond, VA 23219

Laura R. White, Esq.
McGuirewoods LLP
901 E. Cary St., One James Center
Richmond, VA 23219

Robert A. Muckenfuss, Esq.
McGuireWoods, LLP
100 N. Tryon St.
Suite 2900
Charlotte, NC 28202-4011

cc:

| | |
|---|---|
| Judge | ( ) |
| Magistrate Judge | ( ) |
| U.S. Marshal | ( ) |
| Probation | ( ) |
| U.S. Attorney | ( ) |
| Atty. for Deft. | ( ) |
| Defendant | ( ) |
| Warden | ( ) |
| Bureau of Prisons | ( ) |
| Court Reporter | ( ) |
| Courtroom Deputy | ( ) |
| Orig-Security | ( ) |
| Bankruptcy Clerk's Ofc. | ( ) |
| Other ________________ | ( ) |

Date: 8-23-02

Frank G. Johns, Clerk

By: [signature]
Deputy Clerk